

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Judge Ronald A. Guzmán |
| CHARLES GREEN, | ) ) | 02 C 7391 / 89 CR 908-16 |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Charles Green moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court denies the motion.

## PROCEDURAL HISTORY

Charles Green, a member of the El Rukn street gang, was indicted in 1989 on a number of federal charges, including narcotics conspiracy and RICO conspiracy charges for his participation in the El Rukn's extensive heroin and cocaine trafficking operation. In 1991, Green and several co-defendants were tried and convicted, but the district court ordered a new trial when serious prosecutorial misconduct came to light. *See generally United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) (affirming the trial court's order for a new trial). At the second trial, Green was again convicted of the narcotics and RICO conspiracy counts under 21 U.S.C. § 846 and 18 U.S.C. § 1926(d), respectively, and was sentenced to two consecutive life terms. *See United States v. Boyd*, 208 F.3d 638, 641 (7th Cir. 2000). His convictions and sentence were affirmed on appeal. *Id.* Green petitioned for a writ of certiorari, and the U.S. Supreme Court remanded the case for

reconsideration in light of *Apprendi v. United States*, 530 U.S. 466, 490 (2000), because the sentence required specific findings about the type and quantities of drugs involved in the conspiracies, and these facts were found by the judge at sentencing rather than by the jury. *Boyd v. United States*, 531 U.S. 1135 (2001). On remand, the Seventh Circuit reinstated Green's sentence, finding that a properly instructed jury would have found beyond a reasonable doubt that Green and his cohorts conspired to distribute the amount of drugs required to impose the sentence. *United States v. Green*, 6 Fed. Appx. 377 (7th Cir. 2001) (unpublished order).

Green raises five claims in urging the Court to vacate, set aside or correct his sentence. In claim one, he argues that the narcotics conspiracy conviction is a lesser included offense of the RICO conspiracy conviction and the imposition of consecutive life sentences therefore amounts to cumulative punishment in violation of the double jeopardy clause of the Fifth Amendment. Claim two maintains that the general verdict returned on the narcotics conspiracy count did not provide a basis for the life sentence the trial court imposed. Green argues that when the jury does not make specific findings about the types of drugs involved in the conspiracy, the trial court may not exceed the maximum sentence associated with the least serious drug. Claim three is closely associated with claim two: a court may only impose a life sentence for a RICO conspiracy conviction if the predicate conduct carried the possibility of life imprisonment. If the trial court erred when it sentenced him to life for the narcotics conspiracy conviction, Green opines, then the life sentence for the RICO conviction was necessarily incorrect as well. In claim four, he states that the government tampered with the tape recordings that it introduced at Green's trial and requests that the government

produce the tapes for his inspection so that he can prove they were falsified. In claim five, Green contends that his attorney's failure to raise claims one through four, coupled with his minimal efforts when his case was remanded in light of *Apprendi*, violated his constitutional right to effective counsel.

Green's motion was preceded by identical § 2255 motions filed by two of his co-defendants, Sammy Knox and Melvin Mays.[1] The district court in Knox's case ultimately denied each of his claims, as did the district court in Mays' case, which adopted the reasoning of the *Knox* court wholesale. *See United States v. Mays*, No. 02 C 7393, 2004 WL 1878307, at *2 (N.D. Ill. Aug. 18, 2004); *United States v. Mays*, 2004 WL 868377, at *2; *United States v. Knox*, No. 03 C 7392, 2004 WL 442629, at *5 (N.D. Ill. March 9, 2004); *United States v. Knox*, 2003 WL 22012680, at *8. This Court ultimately agrees with both the *Knox* and *Mays* courts.

## DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner may move a district court to vacate, set aside or correct a sentence that was "imposed in violation of the Constitution or laws of the United States, or...was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The district court may not consider the merits of a § 2255 motion, however, unless the defendant raises the issues in a procedurally appropriate manner. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1988).

---

[1]Both Knox and Mays also raised a sixth claim that Green did not include in his motion. *Mays*, No. 02 C 7393, 2004 WL 868377, at *1 (N.D. Ill. Apr. 21, 2004); *Knox*, No. 03 C 7392, 2003 WL 22012680, at *1 (N.D. Ill. Aug. 26, 2003).

A § 2255 motion is not a substitute for direct appeal; a petitioner's failure to raise an issue on direct appeal bars him from raising the issue in a § 2255 motion unless he can show good cause for the failure and actual prejudice resulting from the failure. *Id.*

Good cause exists if, for example, the petitioner can show that the failure resulted from ineffective assistance of counsel. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). An ineffective assistance claim requires the petitioner to show: (1) that his attorney failed to provide reasonably effective assistance, and (2) that he suffered actual prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In other words, the representation must be so deficient "that the resulting proceedings against him were fundamentally unfair and unreliable." *Prewitt*, 83 F.3d at 816. Good cause also exists if there were changes in substantive law after the direct appeal. *Norris v. United States*, 687 F.2d 899, 901 (7th Cir. 1982). If a § 2255 movant can show that these preliminary conditions are present, then he can avoid procedurally defaulting on claims that he otherwise failed to raise at earlier proceedings. *Id.*

## I. Claim One: Double Jeopardy

Green argues in his first claim that the Court should vacate his life sentence for the narcotics conspiracy conviction because it is a lesser included offense of the RICO conspiracy conviction, and thus punishment for both convictions violates the double jeopardy clause of the Fifth Amendment. (Pet'r's Mem. at 6-11.) The Seventh Circuit has not addressed this argument, but other circuits have held that narcotics conspiracy is not a lesser included offense of RICO conspiracy, *United States v. Mitchell*, 777 F.2d 248, 264 (5th Cir. 1985), *United States v. Thomas*, 757 F.2d 1359, 1371 (2d Cir. 1985),

4

or that it is a lesser included offense but the double jeopardy clause does not apply because Congress intended that the two offenses be punished cumulatively, *United States v. White*, 116 F.3d 903, 931-32 (D.C. Cir. 1997), *United States v. Johnson*, 911 F.2d 1394, 1398 (10th Cir. 1990), *United States v. Kragness*, 830 F.2d 842, 864 (8th Cir. 1987), *see also Garrett v. United States*, 471 U.S. 773, 779 (1985) (holding that the double jeopardy clause does not prohibit Congress' intentional decision to punish both a greater and lesser included offense). Other circuits have similarly concluded that the double jeopardy clause does not bar separate punishments for a substantive RICO violation and its predicate acts. *United States v. Marino*, 277 F.3d 11, 39 (1st Cir. 2002); *United States v. Beale*, 921 F.2d 1412, 1437 (11th Cir. 1991); *United States v. Hampton*, 786 F.2d 977, 980 (10th Cir. 1986); *United States v. Boylan*, 620 F.2d 359, 361 (2d Cir. 1980).

Green argues that, despite these cases, this Court should vacate his narcotics conspiracy conviction under the Supreme Court's holding in *Rutledge v. United States* that narcotics conspiracy is a lesser included offense of continuing criminal enterprise, 21 U.S.C. § 848, and that it is therefore unconstitutional to impose cumulative punishments for both crimes.[2] 517 U.S. 292, 307 (1996). Green maintains that the RICO conspiracy and continuing criminal enterprise statutes are so similar that *Rutledge* bars the cumulative punishments in his situation as well.

---

[2]The *Rutledge* Court reached its decision in part because it was not convinced that Congress sanctioned cumulative punishments for a continuing criminal enterprise violation and its predicate conduct. 517 U.S. at 307. But as the cases cited above indicate, many circuits have concluded that Congress did intend the imposition of cumulative punishments for a RICO conspiracy violation and its predicate narcotics conspiracy charge.

This Court cannot consider the merits of Green's *Rutledge* argument. He did not raise the issue on direct appeal, and so he must show good cause for its omission. Green's sole argument is that *Rutledge* constitutes a change in substantive law and should apply retroactively to his sentence. *Robinson*, 196 F.3d at 752. However, *Rutledge* was decided in 1996, which gave Green the opportunity to raise the issue at both his 1997 sentencing and on his 1999 appeal. Because Green has not shown good cause for his failure to raise his double jeopardy claim, he may not raise the claim now. *Theodorou*, 887 F.2d at 1339.

## II. Claim Two: Sentencing Error (Narcotics Conspiracy Conviction)

In his second claim, Green contends that the trial court erred when it imposed a life sentence for the multi-drug conspiracy conviction. (Pet'r's Mem. at 11-18.) The jury returned only a general verdict of guilty on the multi-drug conspiracy charge, meaning that it made no specific findings about the type and quantity of drugs involved in the conspiracy. Green charges that *United States v. Orozco-Prada*, 732 F.2d 1076, 1084 (2d Cir. 1984), limits his sentence to two years, which is the maximum sentence for conspiracy to distribute codeine syrup (a Schedule V controlled substance), the least serious drug involved in the conspiracy. *Orozco-Prada* held that when the jury returns a general guilty verdict on a drug conspiracy charge, the least serious drug involved in the conspiracy dictates the maximum sentence that the trial court may impose. *Id.* Green correctly notes that the Seventh Circuit explicitly rejected *Orozco-Prada* in *United States v. Edwards*, 105 F.3d 1179, 1180 (7th Cir. 1997), but maintains that when the Supreme Court affirmed *Edwards* in 1998, it also indirectly affirmed *Orozco-Prada*. 523 U.S.

6

511, 515 (1998). Green further argues that *Orozco-Prada* does not subject a sentencing error of this variety to harmless error review but rather requires either that the defendant be resentenced to the lowest available maximum sentence (if the government consents) or the conviction be vacated and the case remanded for a new trial. *Orozco-Prada*, 732 F.3d at 1084.

Because Green did not raise the *Orozco-Prada* argument at trial or on direct appeal, he may not raise it anew in a § 2255 motion unless he can show good cause for its prior omission. Green maintains that his failure to raise it was due to the ineffectiveness of his counsel. In order for this Court to consider the merits of his claim, Green must show that his attorney's performance was deficient and prejudiced his defense. *Strickland*, 466 U.S. at 687.

The Seventh Circuit recently foreclosed Green's ineffective assistance argument in *Knox v. United States*, 400 F.3d 519, 522-23 (7th Cir. 2005), where it held that the failure to invoke *Orozco-Prada* in this precise situation does not render the counsel's assistance constitutionally deficient. The guiding standard in an ineffective assistance claim is "whether counsel's assistance was reasonable considering all of the circumstances." *Strickland*, 466 U.S. at 687. The circumstances surrounding Green's claim are identical to those presented by Knox, whom Green joined on the consolidated appeal, which are the bases of the ineffectiveness claim. The Seventh Circuit affirmed the district court's decision to reject Knox's claim, stating that Knox's attorney represented him effectively, even if he did not raise every conceivable argument. *Knox*, 400 F.3d at 521-22. Knox's attorney raised twenty arguments on appeal, and while the number of arguments alone is not the measuring stick of the quality of representation, the

reviewing court pointed out that the *Orozco-Prada* argument was not likely to prevail on direct appeal. *Id.* The court noted that it had rejected *Orozco-Prada*'s holding in *Edwards* and, contrary to Knox's assertion, the Supreme Court did not adopt *Orozco-Prada* when it made a comparative reference to the case in its review of *Edwards*. *Id.* at 522. Thus, the Seventh Circuit held that Knox's attorney acted reasonably in omitting the *Orozco-Prada* claim in favor of stronger arguments because a "failure to anticipate shifts in legal doctrine cannot be condemned as objectively deficient." *Id.*

Because Green and Knox filed a joint appeal, they shared the same representation, and thus the same ineffective assistance of counsel analysis applies to each. For the same reasons as outlined in *Knox*, Green has not shown that his attorney's failure to raise the *Orozco-Prada* issue at trial or on direct appeal violated Green's constitutional right to counsel. As stated by the *Knox* court, "[a] lawyer who concentrates attention on issues that have the best chance of success does not display objectively deficient performance, and thus does not render ineffective assistance of counsel."[3] *Id.* Green cannot show good cause for raising *Orozco-Prada* for the first time on his § 2255 motion, so his second claim is procedurally defaulted.

---

[3] In dicta, the *Knox* court added that, even if the level of representation was objectively unreasonable, Knox did not suffer prejudice as a result. 400 F.3d at 523. As the Seventh Circuit held on remand in light of *Apprendi*, the evidence against Knox was strong enough that it was harmless to allow the judge to make a drug quantity determination that should have been put to the jury. *Green*, 6 Fed. Appx. at 377. The court stated that a sentencing error of the type Knox raises is subject to the same harmless error review as an *Apprendi* error and, therefore, the remand decision "also shows that Knox did not suffer prejudice for purposes of the right to counsel." *Knox*, 400 F.3d at 523. The same rationale applies to Green.

## III. Claim Three: Sentencing Error (RICO Conviction)

Green's third claim turns on the success of his second: the life sentence for the RICO conviction was only available if a life sentence could be imposed for the predicate narcotics conspiracy. 18 U.S.C. § 1963. If the life sentence for the multi-drug conspiracy was unlawful, then so too was the life sentence for the RICO conspiracy. Because this Court rejects Green's second claim, it rejects his third as well.

## IV. Claim Four: Falsified Audio Recordings

Green asks that this Court order the government to produce audio tapes it used at his second trial that he maintains were falsified. (Pet'r's Reply Br. at 10-12.) When the conversations were originally recorded, the government created original and duplicate original tapes; the copies used at trial were made from the duplicate originals. *Boyd*, 208 F.3d at 643. One of Green's co-defendants challenged the tapes' authenticity at trial.[4] An expert discovered background conversation on the duplicate originals that was not present on the original tapes, but the trial court nonetheless admitted the tapes based on the testimony of other witnesses who vouched for the tapes' authenticity. *Id.* at 644. The Seventh Circuit affirmed the trial court's decision, noting that even in light of the inexplicable discrepancies between the tapes, the testimony of other witnesses provided

---

[4]Because the other defendants did not challenge the authenticity of the tapes at the first trial, the court ruled at the second trial that those defendants waived their right to challenge the tapes at all subsequent proceedings under the law of the case doctrine. *Boyd*, 208 F.3d at 642-43. On appeal, the Seventh Circuit noted that the trial court erred in not allowing the other defendants to challenge the evidence; nonetheless, because a hearing was held to determine the tapes' authenticity upon the objection of the single defendant, the Seventh Circuit was able to review the admissibility of the tapes for all defendants. *Id.* at 643.

sufficient evidence to authenticate the recordings. *Id.*

Green wants to inspect the tapes a second time using more sophisticated techniques. (Pet'r's Reply Br. at 11.) Rule 6(a) of the Rules Governing Section 2255 Cases allows a party to:

> invoke the processes of discovery available under the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure or elsewhere in the usages and principles of law if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

The Court agrees with the government that Green has not shown good cause to order the production of the tapes in question. "A Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). Green maintains that his claim is not a recapitulation of an issue that has already been settled; he states that he failed to raise the issue of the tapes' authenticity at trial or on direct appeal and then attempts to show cause for this procedural default by pointing to his attorney's ineffectiveness. But Green's counsel did raise the authenticity issue at trial and appeal, where it was fully litigated. *Boyd*, 208 F.3d at 643-45. Law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Application of the doctrine is discretionary, *United States v. Feldman*, 825 F.2d 124, 130 (7th Cir. 1987), but this Court believes it appropriately bars reconsideration of the tapes' integrity. Green's attempt to cast the issue in a new light does not satisfy his burden to show good

cause for invoking the § 2255 discovery rules.[5]

**V. Claim Five: Ineffective Assistance**

In addition to Green's attempt to avoid procedural default as to claims two through four by asserting ineffective assistance of counsel, Green also raises his counsel's constitutionally deficient performance as a separate ground for relief. (Pet'r's Mem. at 22-33.) Unlike Green's other claims that require a showing of good cause as to why the claim was not raised at trial or on direct appeal, most ineffective assistance claims are properly raised for the first time in a § 2255 motion. *McCleese v. United States*, 75 F.3d 1174, 1178 (7th Cir. 1996); *United States v. Taglia*, 922 F.2d 413, 418 (7th Cir. 1991). Green is entitled to an evidentiary hearing on his claim unless the record conclusively establishes that he is not entitled to relief. 28 U.S.C. § 2255. As the basis for his claim, Green cites his attorney's failure to raise claims two and three and his inadequate investigation of the audio tapes at issue in claim four. The performance of Green's attorney was analyzed as a preliminary step to reaching the merits of these claims, and the Court, upon reviewing the record in each instance, holds that his representation was not deficient. To reiterate, it was not objectively unreasonable for counsel to not raise Green's *Orozco-Prada* claim in favor of other, stronger arguments,

---

[5]Green maintains that the authenticity of the *duplicate* originals is newly raised, because *Boyd* concerned only the authenticity of the originals. (Pet'r's Reply Br. at 11.) Green is mistaken. The trial court held a hearing to specifically determine whether the "unexplained discrepancy between one of the original recordings and its duplicate originals" warranted excluding the tapes due to lack of authenticity and held that the tapes were adequately authenticated, and the Seventh Circuit agreed. *See Boyd*, 208 F.3d at 644-45.

especially considering the Seventh Circuit's explicit rejection of *Orozco-Prada*'s relevant holding. Because Green's third claim depends upon the success of his second, it was also objectively reasonable for Green's attorney to omit the third claim. Finally, Green's counsel did not fail to challenge the authenticity of the audio tapes in a constitutionally sufficient manner: he objected to their admissibility at trial and on direct appeal. While Green may find fault with the rigor or sophistication of the means employed by his attorney in inspecting the tapes, his attorney's performance was well within constitutional limits.

Aside from claims two through four, Green contends that the substance of the Rule 54 statement his attorney filed following the remand of the case to the Seventh Circuit to reconsider the sentences of the defendants in light of *Apprendi*, see *Boyd*, 535 U.S. at 1135, was objectively unreasonable. Rule 54 of the Circuit Rules of the Seventh Circuit provides that "[w]hen the Supreme Court remands a case to this court for further proceedings, counsel for the parties shall . . . file statements of their positions as to the action which ought to be taken by this court on remand." SEVENTH CIRCUIT R. 54. Green's attorney filed a statement that asked the court to either remand the case to the district court or set a briefing schedule that would allow the parties to fully address the issues. The court did not grant either request, and instead reinstated Green's sentence. *Green*, 6 Fed. Appx. at 377 (unpublished order). Green argues that he was denied his constitutional right to counsel by his attorney's failure to apply *Apprendi* to the facts of his case and rebut what he characterized as the government's misleading Rule 54 statement. (Pet'r Mem. at 33.)

This Court agrees with the district court in *Knox* that the Seventh Circuit's denial

of his counsel's Rule 54 request "does not render his counsel's strategy objectively unreasonable." *Knox*, 2003 WL 22012680 at *7. Green's attorney complied with the Circuit's Rule 54 requirement, even if the statement was not as extensive as Green would have preferred. Even if the Court were to hold that the Rule 54 submission amounted to constitutionally deficient representation, which it does not, Green fails to show that he was prejudiced by his counsel's performance. On remand, the Seventh Circuit reinstated Green's sentence and held that the evidence was such that a correctly instructed jury would have found Green and his co-defendants guilty beyond any reasonable doubt of conspiring to distribute the drugs for which they were sentenced. *Green*, 6 Fed. Appx. at 377. The Seventh Circuit's language in reinstating Green's sentence reveals that even a more developed Rule 54 statement would not have persuaded the Seventh Circuit otherwise.

## CONCLUSION

For the reasons set forth above, Green's § 2255 motion is denied in its entirety. This case is hereby terminated.

SO ORDERED. 10/20/05 ENTERED:

HON. RONALD A. GUZMAN
**United States District Judge**